LOWELL T. JOHNSON *v.* STATE OF INDIANA.

[No. 2-1074A255. Filed September 11, 1975].

*David F. McNamar, Steers, Klee, Sullivan, McNamar & Rogers,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PER CURIAM—Appellant-defendant, Lowell T. Johnson, (Johnson) was convicted of possession of heroin, IC 1971, 35-24.1-4-1 (c), Ind. Ann. Stat. § 10-3561 (c) (Burns Supp. 1974). The sole issue presented on appeal is whether the trial

court erred in admitting in evidence a duplicate original search warrant.

We affirm.

Premised upon information supplied by a reliable informant, an Indianapolis Police Officer sought and obtained a warrant authorizing the search of the residence and person of Johnson for illegal narcotics. Pursuant to a search based upon that warrant, the officers seized quantities of heroin.

At trial, Johnson objected to any testimony concerning the search until the State introduced the warrant in evidence. When the State attempted to introduce the actual warrant served by the officers, Johnson unsuccessfully objected on the premise that the warrant was only a copy and it was not offered by the official custodian.

Johnson contends that before the State was entitled to introduce the testimony of the officers and the evidence obtained in the subsequent search, a valid warrant must have been introduced in evidence. It is Johnson's contention that, Ind. Ann. Stat. 34-1-17-7 (Burns Code Ed.), in conjunction with Ind. Rules of Procedure, Trial Rule 44 (A) (1), require that copies of records must be certified by the official custodian to be admissible into evidence. Johnson argues that in the absence of the certification, the "copy" introduced did not suffice to prove the existence of a valid search warrant. Therefore, it was improper to admit testimony concerning the search and evidence obtained in the search.

We agree with Johnson's contention that copies of official records must be certified or introduced by the official custodian; however, the search warrant here involved was a duplicate original, *not a copy*. It is a well established principle that *executed* carbon duplicates of documents are to be regarded as originals. Recently, in *Roberts* v. *State* (1975), 164 Ind. App. 354, 328 N.E.2d 429, this Court stated:

". . . [S]igned carbon copies of documents are to be regarded as duplicate originals, any of which may be received in evidence. . . ." 328 N.E.2d 429, 430.

clarifying that a duplicate original is tantamount to an original, not a copy.

The warrant introduced over Johnson's objection is a duplicate original, i.e., a carbon copy executed by the magistrate. It bears the official file stamp of a court clerk as well as the original signatures of the affiant officer and issuing magistrate.

Consequently, the duplicate original search warrant and the evidence subsequently seized based on that warrant were admissible.

Judgment affirmed.

NOTE.—Reported at 333 N.E.2d 307.