ROBERT E. NELSON, CHARLES HOWARD NELSON
v. STATE OF INDIANA.

[No. 1275S362. Filed November 10, 1976.]

*Richard W. Maroc,* of Hammond, for appellants.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendants (appellants), Robert and Charles Nelson, were charged by information on January 9, 1975, with the offenses of kidnapping and rape. Both entered pleas of not guilty. A jury trial resulted in verdicts on both counts against both defendants; both were sentenced to life imprisonment on the kidnapping conviction and to 21 years on the rape conviction, the sentences to be served concurrently. In their brief both defendants challenge the constitutionality of their life sentence as cruel and unusual punishment. Robert Nelson alone contends that he was denied due process in being denied a determination of whether an in-court identification was tainted by an impermissible pre-trial identification.

Briefly stated, the evidence was as follows. The prosecutrix was abducted by three men as she was returning to her apartment in Bloomington. After being transferred from a car to a van, she was forcibly raped by all three men. She was then taken to a motel in Gary, Indiana. En route she has been raped again and forced to perform fellatio and anal intercourse. She was raped again in the motel room. She was tied to the bed when two of her abductors left the room. After the third man, Charles Nelson, fell asleep beside her, she freed herself from bondage, escaped from the room

and notified the police. Charles Nelson was apprehended at the motel room.

The state claims that both the issues briefed are not preserved for appeal because of the failure of defendants to specifically address these issues to the trial judge in their belated motion to correct errors. The only relevant allegation of the belated motion states that the verdicts are contrary to law and not sustained by sufficient evidence. This clearly was not adequate to present these issues to the trial court especially in light of defendants' failure to raise either issue during the trial. *Spivey* v. *State*, (1971) 257 Ind. 257, 274 N.E.2d 227.

Regardless of this procedural failure, the defendants' arguments are without merit. This Court has previously considered the kidnapping statute and the life sentence it imposes and has found it constitutional. *Vacendak* v. *State*, (1976) 264 Ind. 101, 340 N.E.2d 352. As to the issue of identification, no objection was raised by the defendant to the prosecuting witness's in-court identification, to her testimony concerning a photographic identification nor to the testimony relating an encounter with Robert Nelson at the police station. No cross-examination was directed toward these identifications. The evidence requisite to determining taint was not presented to the trial court and is not available to us. In order for error in the admission of evidence to be preserved for review, a timely and specific objection must be made. No exception is made for identification testimony regardless of a possible constitutional infirmity. *Zupp* v. *State*, (1972) 258 Ind. 625, 283 N.E.2d 540. Defendant concedes this procedural obstacle but requests this Court to remand his case for a scrutiny of the pre-trial identifications, urging that due process requires as much, though he cites no favorable authority. To remand would be tantamount to granting a new trial where there was no error in the trial court. We do not seek out the reasons underlying counsel's waiver of an issue at trial.

"Invariably a review of the record reveals numerous waivers but many of these may have been well calculated to produce a favorable result. It may well be one of the drawbacks inherent in our adversary system, but we know of no way to permit the litigant to elect between options without holding him to his decision." *Zupp, supra* at 629, 541.

For the reasons stated, the judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 356 N.E.2d 682.