ALFRED COLLINS AND CHARLES HICKLAND *v.* STATE OF INDIANA.

[No. 1275S360. Filed June 23, 1977.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—After a trial by jury, the two defendants, Alfred Collins and Charles Hickland, were found guilty of commission of a crime while armed and assault and battery with the intent to kill. The trial court sentenced both to eighteen years' imprisonment on the first count and two to fourteen years' imprisonment on the second count, with the terms to be served consecutively.

The evidence established that on November 19, 1974, Willard Brooks was robbed and shot by three assailants. The following day, November 20, 1974, an agent of the Federal Bureau of Investigation apprehended the two defendants in Dayton, Ohio. In their possession were several checks, a driver's license, two credit cards, a social security card and several other items which had been stolen the previous night from Brooks. In addition, a .22 caliber revolver was taken from the person of Collins.

The following issues are raised for our consideration:

1. Was hearsay testimony erroneously admitted?

2. Did the trial court err in overruling a portion of the defendants' motion in limine?

3. Was there sufficient evidence to support the jury's verdict?

4. Did the court err in failing to read a final instruction requested by the defendants?

5. Were the defendants entitled to be released on their own recognizance prior to trial?

6. Was defendant Hickland improperly denied credit for time already served while awaiting trial?

## I. *Hearsay*

The hearsay objections made by defendants arose during the testimony of the arresting agent. Agent Carmichael testified that he went to the pedestrian walk-up window at the Winters National Bank and Trust Company in Dayton, Ohio, on November 20, 1974, to cash a check. It was approximately 5:00 p.m. and only two others, the two defendants, were present at the window. At trial, Carmichael was asked what the teller at the window said to him. The defendants objected that the testimony was hearsay. The objection was overruled and Carmichael was permitted to testify concerning the teller's comments.

Hearsay evidence is in-court testimony concerning an extra-judicial statement, which is being offered to prove the truth of the matters asserted therein. *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482. In this instance, Carmichael testified that the teller greeted him in this way, "I'm glad you're here because I want to give you a receipt that you left here earlier this morning." At that point she passed him a note, and he then arrested the two defendants.

It does not appear that the testimony by Carmichael was offered to establish the truth of the remarks made by the teller. Indeed, the fallacy of those remarks are proven by the fact that the note lead to the defendant's arrest. In addition, we cannot perceive of any prejudice suffered by defendants from these specific remarks.

The second hearsay objection also arose during the testimony of agent Carmichael. He testified that certain items were obtained from the teller who had received them from defendant Collins. He then identified the specific items as those given him by the teller. When the state attempted to have the exhibits admitted as evidence, defense counsel then made his objection that the chain of custody had been established by hearsay and, therefore, the exhibits were inadmissible.

In order for error in the admission of evidence to be preserved for review, a timely objection must be made. *Nelson* v. *State,* (1976) 265 Ind. 542, 356 N.E.2d 682; *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161.

Carmichael was permitted, without objection, to identify the challenged items and to relate how the items were recovered. Therefore, no timely objection to this testimony was made. The exhibits were merely cumulative of other undisputed and persuasive evidence. Improperly admitted evidence that is corroborative only of competent and unrefuted evidence is not reversible error. *Walker* v. *State, supra, Chatman* v. *State,* (1975) 263 Ind. 531, 334 N.E.2d 673.

## II. *Motion in Limine*

Defendants next contend that the trial court erred in overruling paragraph 3 of their motion in limine. That portion of the motion sought to have excluded any evidence concerning the pistol found in the defendants' possession. They argue that because the ballistics' analysis did not conclusively establish the weapon as that used in the shooting of Brooks, any evidence about the pistol was irrelevant, highly prejudicial and, therefore, inadmissible.

While it is true that the ballistics' test was inconclusive, this fact alone does not render the evidence inadmissible, but

merely goes to the weight of the evidence. In *Pirtle* v. *State*, (1975) 263 Ind. 16, 323 N.E. 634, this Court stated the test for relevancy in this way:

" '[T]he most acceptable test of relevancy is the question, does the evidence offered render the desired inference *more probable than it would be without the evidence?'* McCormick, Evidence, § 185 at 437. In Indiana, evidence tending to prove a material fact is admissible, even though its tendency in that direction may be exceedingly slight." *Pirtle* v. *State, supra,* at 643.

As a corollary, positive proof or positive authentication of evidence has not been required prior to its admission. *Elliott* v. *State*, (1972) 258 Ind. 92, 279 N.E.2d 207. Such is the nature of circumstantial evidence, it is the function of the trier-of-fact to weigh the evidence and to draw inferences therefrom.

The possession by the defendants of a small caliber weapon, a short time after the victim had been shot, strengthened the inference that the defendants were the assailants. Ballistics' analysis was unable to conclusively match the slugs removed from the victim and those later fired from the pistol taken from the defendants. The fact that the markings of the slugs from the defendants' weapon were not identical would explain why the bullet from the victim and the weapon were not scientifically identified.

### III. *Sufficiency of the Evidence*

Defendants next challenge the sufficiency of the evidence to sustain their convictions. They concede that no mention of sufficiency was made in their motion to correct errors, but direct the attention of this Court to Ind. R. Tr. P. 50(A)(5). The language of Ind. R. Tr. P. 50(A)(5) states in part:

*"(A) Judgment on the evidence — How raised — Effect.* Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to

support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict. A party may move for such judgment on the evidence:

\* \* \*

"(5) may raise the issue upon appeal for the first time in criminal appeals but not in civil cases; . . . ."

It appears that this point has not expressly been argued in this Court[1] See, *Finch* v. *State*, (1975) 264 Ind. 48, 338 N.E.2d 629. In *Finch*, it was held that the motion to correct errors must specifically raise the manner in which the evidence is insufficient.

The plain language of our rule allows a defendant to raise sufficiency of the evidence for the first time on appeal. To the extent that our holding in *Finch* is inconsistent with Ind. R. Tr. P. 50(A)(5), it must be overruled.

The evidence against the defendants is circumstantial; however, a conviction may be sustained by circumstantial evidence alone. *McAfee* v. *State*, (1973) 259 Ind. 687, 291 N.E.2d 554. When reviewing the sufficiency of circumstantial evidence, the scope of review is identical to that when reviewing direct evidence. *Rogers* v. *State*, (1974) 262 Ind. 315, 315 N.E.2d 707. As we have written many times, when the sufficiency of the evidence has been raised as an issue upon appeal, we consider only that evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value to support the determination of the trier-of-fact, the conviction will not be set aside. *Daniels* v. *State*, (1976) 264 Ind. 490, 346 N.E.2d 566.

The defendants' attack on the sufficiency of the evidence to support their convictions is based in part upon the belief that

---

1. Although this Court has been silent upon the effect of Ind. R. Tr. P. 50 (A) (5), the Court of Appeals has held that it permits a defendant in a criminal case to raise the issue of sufficiency of the evidence for the first time on appeal. McGowan v. State, (1976) Ind. App., 355 N.E. 2d 276, *transfer pending;* Johnson v. State, (1975) Ind. App., 338 N.E. 2d 680; McCauley v. State, (1974) 159 Ind. App. 517, 311 N.E.2d 430.

both the pistol and the testimony concerning the checks recovered from the defendants would be excluded. However, we have determined that both were properly admitted by the trial court.

The evidence was that Brooks was robbed and shot by three assailants. Shortly after the shooting and robbery, the stolen items and a pistol were seen in the possession of the defendants by a brother of one of the defendants. This same brother, sometime around midnight, was offered one thousand dollars to immediately drive the two defendants to Dayton, Ohio. When apprehended, the defendants were attempting to cash the checks at a Dayton bank and had the pistol with them.

The possession of the stolen items, shortly after the robbery took place, the pistol which may have been used in the shooting, and their extraordinary desire to flee to Dayton, when taken together, would support the jury finding that the defendants were guilty of the crimes charged.

In addition to the challenge on the sufficiency of the evidence, defendants urge that permitting an inference to be drawn from unexplained possession is violative of their Fifth Amendment right to remain silent. The argumnt is that because guilt may be inferred from that possession, the defendants are virtually forced to take the stand.

Reliance upon the Fifth Amendment in this instance, although inventive, is incorrect. Defendants were not compelled to testify, nor were they forced to provide the state with evidence of a testimonial nature. Whenever the state presents a prima facie case against a defendant, he must choose either to put forth evidence to rebut the state's case or to remain silent. One who remains silent risks conviction if the state's case is sufficient. However, his right to remain silent is not impaired by permitting the trier-of-fact to infer guilt from the evidence presented by the state.

## IV. *Final Instruction*

The fourth allegation of error made by defendants concerns

the refusal by the trial court to give a final instruction tendered by them. The instruction reads as follows:

"You are hereby instructed that it is the law of the State of Indiana that mere possession of stolen property, without other evidence of guilt, is not to be regarded as prima facie evidence of larceny, robbery, receiving stolen property, or burglary. It must be shown that the possession was exclusive, recent, and involved a distinct and conscious assertion of property."

Possession of stolen property is a factor which may be considered by the trier-of-fact as evidence of guilt. *Johnson v. State,* (1963) 245 Ind. 295, 198 N.E.2d 373. The evidence against the defendants was not limited to the possession of the stolen property. Therefore, the instruction sought by the defendants would have been an improper comment upon the weight of the evidence against the defendants and was properly refused.

## V. *Release Prior to Trial*

Defendants were charged by information on November 27, 1974, and tried on June 17, 1975. During this period both defendants were held in jail pending trial. On May 5, 1975, a request for speedy trial was filed on behalf of the defendants, and on May 27, 1975, a motion to be released on their own recognizance was filed. The trial court denied the motion for release on their own recognizance.

It is the position of the defendants that Ind. R. Crim. P. 4(a) required their release, and the failure, upon the part of the trial judge to do so, requires the reversal of their convictions and the discharge of the charges against them. They contend that anything less will eviscerate the rule.

Ind. R. Crim. P. 4(A) reads as follows:

*"(A) Defendant in jail.* No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the

delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule."

In *Lewis* v. *State*, (1976) 264 Ind. 288, 342 N.E.2d 859, a similar problem was addressed by this Court. Lewis was tried six and one-half months after he was originally charged. Justice Prentice wrote for a unanimous Court:

"The relief to which the defendant believes himself entitled under this assignment is not clear. At most, however, he would have been entitled to be released upon his own recognizance and not to a discharge. Assuming that the trial was delayed more than six months beyond the critical date as fixed by Ind. R. Crim. P. 4(A), the State was, nevertheless, authorized to bring him to trial, and this assignment raises no question for review in these proceedings." *Lewis* v. *State, supra,* at 861.

The language of the rule requires release after the six-month period. It does not preclude prosecution unless the one-year limitation of Ind. R. Crim. P. 4(C) is not met. The rule does not mandate nor does justice require a different result.

## VI. *Pre-sentence Confinement Credit*

The last contention concerns the computation by the trial court of the time already served by Collins. Defendant Hickland was credited with 215 days and Collins with 213 days. Both defendants were apprehended simultaneously and continuously remained in the custody of the Grant County authorities. Collins contends that he is entitled to the same

amount of credit that Hickland received. The state argues that Collins waived any error by his failure to object at the time of his sentencing.

The sentencing court is required by statute to allow credit for all pre-sentence confinement resulting from the charge for which the sentence is imposed. Ind. Code § 35-8-2.5-1 (1976).

From the record before us, both of these men were apprehended at the same time and tried simultaneously. Both were in continuous custody from arrest to trial either at the Grant County jail or Indiana Reformatory. As negligible as a two-day discrepancy may be, one of the credits is incorrect, and we cannot ignore it. If an error in sentencing appears on its face to be erroneous, it may be raised for the first time on appeal. *Kleinrichert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822. Therefore, we must remand this cause to the trial court for correct compilation of credit for time served pursuant to Ind. Code § 35-8-2.5-1 (1976).

The convictions of the defendants are affirmed, but the cause is remanded for correction of the credit for time served.

Prentice and Pivarnik, JJ., concur; DeBruler, J., concurs in result; Givan, C.J., dissents.

NOTE.—Reported at 364 N.E.2d 750.