Tillman J. MORRIS a/k/a Silas Kelley, Appellant,

v.

STATE of Indiana, Appellee.

No. 1178S257.

Supreme Court of Indiana.

July 21, 1980.

John F. Davis, Richard H. Adin, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant was found guilty of bank robbery by a jury on October 28, 1977. On November 1, 1977, he was found guilty of being an habitual criminal and sentenced to the Indiana Department of Corrections for life. On August 16, 1978, the appellant filed his Petition for Permission to File a Belated Motion to Correct Errors which was granted. His Belated Motion to Correct Errors was filed August 16, 1978 and denied on August 17, 1978. This appeal followed.

Appellant raises eleven issues for review based upon claims of error in the admission of evidence, the use of Missouri records and convictions relating to the habitual criminal charge, an allegedly illegal search, failure to grant a motion to limine and in sentencing.

On June 9, 1977, the National City Bank in Evansville, Indiana, was robbed by five armed blacks in disguises. Approximately $12,600 was taken. A camera in the bank lobby recorded the robbery. On June 10, 1977, police investigation focused on 1301 Shanklin and 800 Line Street in Evansville. Appellant Morris' car, which had been identified by an accomplice in the robbery as the car she drove as a "switch" car was found at the Line Street location. A shot-gun, money wrappers and nylon masks were found in a search of the Line Street apartment. Appellant was arrested on June 11, 1977. He was apprehended with approximately $2,000 stuffed in his sock and $675 in his shirt pocket.

## I.

Appellant's first allegation of error concerns the testimony of a police officer. Officer Atherton testified that he had shown State's Exhibits Nos. 42, 43, and 44, to Theodore Matthews, manager of the apartments at 800 Line Street. These exhibits were enlargements of photographs taken by the bank surveillance cameras. Officer Atherton testified that Ted Matthews stated that the man in those photos had rented and was occupying an apartment at 800 Line Street. He later testified that Robert Matthews, Ted Matthews' brother, had also made the same photo identification. Appellant objected to this testimony on the basis that these statements were hearsay. The State asserts that these statements were offered for the fact that the officer was given information in regard to the establishment of a basis for further investigation, not for the truth of the information. The State claims that the officer can testify as to the fact of whether a photograph was picked out in his presence. Hearsay evidence is in-court testimony concerning an extra-judicial statement, which is being offered to prove the truth of the matters asserted therein. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482; *Collins v. State*, (1977) 266 Ind. 430, 364 N.E.2d 750.

In a similar case, *McNew v. State*, (1979) Ind., 391 N.E.2d 607, a police officer related how a victim had identified a photograph. Emphasizing that the statement of the officer was not offered to show the truth of the matters asserted and that the purpose was to establish the identification procedure, the court held that the trial court properly admitted the testimony of the officer. Here the testimony of Officer Atherton was admitted to establish the identification procedure and to establish

specifically why Officer Atherton continued the investigation and focused on the Line Street location. This evidence was properly admitted since it was not offered for the purpose of showing the truth of the matters asserted. *Boles v. State*, (1973) 259 Ind. 661, 291 N.E.2d 357.

## II.

Appellant alleges that the foundational convictions for his conviction as an habitual offender were improperly admitted because there was no showing that the guilty pleas made in these convictions were knowingly and voluntarily obtained.

Appellant was tried on the issue of being an habitual offender on October 31, 1977. The jury returned a verdict finding that he had two previous convictions, had been sentenced and imprisoned in penal institutions for felonies and finding him to be an habitual criminal. Appellant alleges that the foundational convictions were improperly admitted because there was no showing that the guilty pleas involved in those prior felonies were knowingly and voluntarily obtained. He claims that the Missouri trial court records for the felonies were silent as to the conditions under which the guilty pleas were accepted. There is no merit to this claim.

The Indiana Court of Appeals has held that an alleged constitutional invalidity of a prior conviction can not be collaterally attacked during the course of an habitual offender proceeding when the prior final judgments are regular on their face. *State v. Dossett*, (1977) Ind.App., 368 N.E.2d 259. Appellant does not argue that the State failed to prove the two prior felony convictions, sentences and imprisonments in Missouri, but merely questions the guilty plea procedure. There is no error on this issue.

## III.

Appellant also alleges that an amendment of the information charging him as an habitual criminal was error. The State was permitted to amend the information which read, "Jefferson, Missouri" to read "Jefferson City, Missouri." Appellant alleges that this amendment made a significant difference in location and in the State's proof and thereby prejudiced him. We disagree. An indictment or information may be amended on Motion by the prosecutor at any time because of any immaterial defect, as long as the defendant is accorded an adequate opportunity to prepare his defense commensurate to such changes. *Highsaw v. State*, (1978) Ind., 381 N.E.2d 470. Here, Jefferson City, Missouri, stated the location of the State Department of Corrections of the State of Missouri and was the situs of appellant's incarceration rather than the situs of any offenses committed by him. This clearly is an immaterial defect and we fail to see how appellant was prejudiced by the allowing of this amendment. *See also Page v. State*, (1979) Ind., 395 N.E.2d 235.

## IV.

Appellant next alleges that it was error to allow the foundational Missouri convictions to establish the record of two prior felonies arguing that the definition of what constitutes a felony for purposes of the habitual offender conviction must be limited to the definition of a felony in Indiana. He argues that the alleged prior crimes are misdemeanors in Indiana.

The appropriate statute under which the appellant was convicted was the statute in effect prior to October 1, 1977. That statute defined "felony" as being "all crimes and public offenses which may be punished with death or imprisonment in the state prison . . . .." Ind. Code § 35–1–1–1 (Burns 1975). *Norris v. State*, (1979) Ind., 394 N.E.2d 144.

Count III of the information stated that on November 18, 1965, appellant was convicted of the Commission of a Felony, to-wit: Assault with intent to do great bodily harm, and sentenced to be imprisoned in the State Department of Corrections; that on August 6, 1973, appellant was convicted of the Commission of a Felony, carrying a concealed weapon, and sentenced to be imprisoned by the State Department of Cor-

rections; and that on August 6, 1973, appellant was convicted of the Commission of a Felony, illegal possession of Schedule II Controlled Substance and sentenced to be imprisoned and was imprisoned. The information further stated that Tillman J. Morris was three times convicted, sentenced and imprisoned in a penal institution for felonies.

In *Kelley v. State*, (1933) 204 Ind. 612, 624, 185 N.E. 453, 458, this Court held:

"We construe the statute to mean that, when the charge is based upon crimes committed in other jurisdictions, it is sufficient to prove that the conviction was for an offense 'which may be punished with death or imprisonment in the state prison' in the jurisdiction where the conviction was had."

Appellant's prior convictions were properly defined and were sufficiently defined as felonies. *See Norris v. State*, (1979) Ind., 394 N.E.2d 144. The trial court did not err in overruling the appellant's motion to dismiss Count III of the information.

■ Appellant also claims that the trial court erred in denying his motion for judgment of acquittal at the conclusion of all the evidence on the habitual criminal charge alleging that the State did not carry its burden of proof by establishing that the prior foundational felonies resulted in incarceration in a state prison. He claims that there was no evidence that the prison in Jefferson City, Missouri was a state prison or that a commitment to the State Department of Corrections was sufficient to show incarceration in a state prison. Appellant was previously sentenced to the State Department of Corrections of the State of Missouri. The records further showed that he was imprisoned in the Penitentiary of the State of Missouri. This is sufficient proof that the Missouri convictions for felonies resulted in incarceration in a state prison.

### V.

Appellant next claims that certain State's Exhibits and testimony from witnesses concerning the police, prison, legislative and court records from the State of Missouri were improperly admitted because they were hearsay.

■ Appellant objected to the testimony of Gerald Hart and the admission of State's Exhibits 60, 62, 63, 64, 65 and 70A. Hart was the Deputy Commander of Records for the St. Louis, Missouri, Police Department, and as such is the custodian of the records of the department. State's Exhibits 60, 62, 63, and 64, are fingerprint records, arrest records or registers. Sergeant Hart testified that the police records had been made in the routine course of business and made contemporaneously with the recorded transaction. He testified that the arrest registers were the originals for his department, but that the registers which were filled out by the original recorder were kept at a central location. These exhibits were sufficiently identified for admission under the business records exception to the hearsay rule of exclusion. This exception does not mean that a sponsor of an exhibit must have personally made it, filed it, or have had first-hand knowledge of the transaction represented by it. He need only show that it is part of the records kept in the routine course of business and placed in the record by one authorized to do so, who had personal knowledge of the transaction represented at the time of entry. *Thompson v. State*, (1979) Ind., 386 N.E.2d 682, 684; *Crosson v. State*, (1978) Ind., 376 N.E.2d 1136.

Appellant's objection to State's Exhibit 65 was sustained by the Court and this exhibit was not admitted.

■ Exhibits 70A, 70B and 70C are a series of papers containing a copy of minutes of proceedings, information, warrant, judgment and sentence concerning Tillman J. Morris. These papers are exemplified copies signed by the Presiding Judge of the Circuit Court of the City of St. Louis, Missouri.

Ind. Code § 34–1–18–7 (Burns 1973) provides:

"The records and judicial proceedings of the several courts of record, of or within

the United States or the territories thereof shall be admitted in the courts within this state as evidence, by attestation or certificate of the clerk or prothonotary, and the seal [certificate] of the court annexed, together with the seal of the chief justice or one or more of the judges, or the presiding magistrate of any such court, that the person who signed the attestation or certificate was, at the time of subscribing it, the clerk or prothonotary of the court, and that the attestation is in due form of law; and the records and judicial proceedings, authenticated as aforesaid, shall have full faith and credit given to them in any court within this state, as by law or usage they have in the courts whence taken."

These exhibits were properly admitted.

■ Appellant also objected to the testimony of witness Knapp and to the introduction into evidence of State's Exhibits No. 73, 74, 75, 76, 77, 78, 79, 80, 81, 82A, 82B, 82C, 82D and 82E. Exhibits 73, 74, 75, 76, 77, 78, 79 and 80 are copies of various laws passed by the Missouri legislature and are properly certified by the Secretary of State of Missouri and authenticated by the Great Seal of the State of Missouri. Ind. Code § 34–1–18–4 (Burns 1973) provides as follows:

"Every act of the legislature of any one of the states or territories of the United States, certified by the secretary, and having the seal of the state or territory affixed thereto, shall be deemed authentic, and receive full faith and credit when offered in evidence in any court within this state."

There was no error in the admission of these exhibits.

■ Exhibits 82A (fingerprints), 82B (photocopy of fingerprints), 82C, 82D and 82E (transcripts), 82F (emergency address) were identified by witness Knapp, identification officer of the Department of Corrections of the State of Missouri. They were official records certified by their custodian and were properly admitted into evidence. Mr. Knapp testified that he was present during the fingerprinting, but that he did not take the prints.

■ Finally, Exhibit 81 was an affidavit of Daniel F. Lyman. There was no objection made at trial to the admission of this exhibit and it cannot now be argued on appeal. *Gee v. State,* (1979) Ind., 389 N.E.2d 303.

## VI.

■ Appellant additionally claims that State's Exhibits 70A and 70B were hearsay, unauthenticated carbon copies, and inadmissible. It is true that those exhibits were carbon copies, but they were properly admitted into evidence. "It is a well established principle that executed carbon duplicates of documents are to be regarded as originals." *Johnson v. State,* (1975) 165 Ind.App. 636, 333 N.E.2d 307. State's Exhibits 70A, 70B and 70C were properly authenticated pursuant to Ind. Code § 34–1–18–7, *supra.* There was no error in the admission of these copies of judgments and sentences.

## VII.

■ Appellant claims that a warrantless search of 800 Line Street in Evansville, Indiana, and the admission at trial of items seized there, was error. Prior to trial, appellant filed a motion to suppress evidence seized. The motion was overruled by the trial court. The State offered into evidence Exhibit 27, torn money wrappers from National City Bank; Exhibit 28A, a sawed-off shotgun; Exhibit 28B, 3 shotgun shells from the sawed-off shotgun; and Exhibit 29, a nylon stocking mask. All of these items were seized at 800 Line Street. When they were offered at trial the appellant objected for lack of showing a chain of custody. Appellant did not object to the introduction into evidence of these exhibits as their being the result of an illegal search, and therefore, this issue has been waived. *Bell v. State,* (1977) 267 Ind. 1, 366 N.E.2d 1156.

## VIII.

■ Appellant next claims that the trial court erred in overruling his Motion in Li-

mine which attempted to keep out of evidence a .45 caliber Colt automatic, a .32 caliber Colt automatic and $2,675, seized from him at the time of his arrest. Appellant objected at trial when Exhibits 46 and 47, the money taken from him, were offered into evidence. He claims these items were prejudicial because they were not proven to be associated with the crime charged. Appellant did not claim that these items were the result of an unlawful search or seizure, but only that they prejudiced him. He objected to their admission for the reason that it had not been established that the evidence was related to the bank robbery. The State replied that the amount of money, the time span from the robbery to the apprehension of appellant, and the connection with the money and the appellant made these exhibits relevant. We agree. Any evidence that connects the defendant with the crime is admissible. *Hill v State*, (1979) Ind., 394 N.E.2d 132. This evidence was properly admitted.

### IX.

■ Appellant next claims that the testimony of a police officer concerning the contents of a police radio communication related to him by other officers who had received the information from the police radio is hearsay and therefore inadmissible. Officer Atherton received information from other police officers who had heard via police radio that Silas Kelly was a bank robber and that his address was 800 Line Street. Atherton testified that he received this information from Sergeant Wolf and Agent Eisguiber. They apparently received it from the F.B.I. radio. It was offered only for the fact that Officer Atherton was given the information, not for the truth of the information. This information was related to the fact that police subsequently went to 800 Line Street and entered an upstairs apartment at that address. This kind of testimony has been allowed when it has not been offered for the purpose of proving the facts asserted. *Roberts v. State*, (1978) Ind., 375 N.E.2d 215; *McNew v. State*, (1979) Ind., 391 N.E.2d 607. There was no error in the admission of the testimony of witness Atherton.

### X.

■ Appellant next alleges that the court erred in overruling the appellant's Motion for a Mistrial and his objection to questions asked on direct examination of Jenny Nix. He claims that her testimony was irrelevant and immaterial as being unconnected with the crime with which the appellant was charged, and that the jury could have inferred criminal activity through the admission of this testimony. There is no merit to this argument.

Jenny Nix, a bondsman for Allied Fidelity testified that on June 3, 1977, at the bonding clerk's office she met Janice Cook, who wanted to make bond for Rene Jefferies. She testified that she received five hundred ($500) dollars from Janice Cook. Nix testified further that two males were with Janice Cook and that one of them signed the name Silas Kelly, gave the address of 781 Line Street, Evansville, Indiana, and paid the money for the bond.

Prior to hearing the testimony of Jenny Nix, the jury had heard the testimony of Vicki Myers, an accomplice. Her testimony clearly showed that Rene Jeffries was involved in the bank robbery and that the planning of the robbery took place about a week prior to June 9, 1977, about the time that Rene Jefferies was released on bond. This evidence showed that the appellant and Rene Jefferies were acquainted prior to the bank robbery. At no time in the testimony given by witness Jenny Nix was there any mention of the crime with which Rene Jefferies was charged. Appellant merely claims that the jury could possibly infer the commission of another crime from this testimony and could infer that therefore, he must by guilty of the crime charged. He claims that the jury was allowed to infer that the monies used to arrange the bond necessarily had to be the same monies taken in the robbery. Since the robbery in issue took place on June 9, 1977, it appears that it would be impossible for the jury to infer that the bond on June 3, was paid for by money taken in the robbery on June 9. It

does not appear that appellant was harmed by the admission of this testimony.

## XI.

 Appellant finally contends that the trial court erred in overruling his petition to be sentenced under the 1977 Penal Code of the State of Indiana, because he was convicted after October 1, 1977. Appellant was sentenced to a term of life imprisonment under the habitual offender statute. This was the proper penalty as of the date of the offense, June 9, 1977. This issue has been decided in several cases. An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148, shall be prosecuted and remains punishable under the repealed law. *Holder v. State*, (1979) Ind., 396 N.E.2d 112; *Springer v. State*, (1979) Ind., 393 N.E.2d 131; *Palmer v. State*, Ind., 386 N.E.2d 946. There is no error on this issue.

Judgment affirmed.

GIVAN, C. J., and DeBRULER and HUNTER, JJ., concur.

PRENTICE, J., concurs in result.