**Wanda WHIRLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2-879A241.

Court of Appeals of Indiana, First District.

Aug. 19, 1980.

[3]. IC 8-1-2-1.

Raymond J. Guntz, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Wanda Whirley (Whirley) was convicted by a jury of two violations of the Indiana Controlled Substance Act: *Ind. Code* 35–48–4–11 (as amended, 1977) and *Ind. Code* 35–48–4–7 (as amended, 1977).[1] Whirley alleges the trial court erred in denying her motion to suppress evidence gained through the execution of a search warrant, and that the verdict was contrary to law and not sustained by sufficient evidence. We affirm.

Mindful of the appellate standard of review, the facts most favorable to the judgment revealed that a confidential police informant purchased marijuana from Whirley's residence under a "controlled buy" situation. Officer William Meaker was the policeman in charge of the investigation, and the one who set up the buy. It was upon Meaker's affidavit that the search warrant was issued to search Whirley's home. Meaker testified as to his procedures to insure that the informant was "clean" when the buy was made, but admitted that he lost sight of the informant for approximately twenty (20) seconds when the informant walked from the front of the house to the back door, which forced Meaker to change the position of his car to keep the informant and the house under surveillance.

Following the purchase, Meaker swore out an affidavit in which a search warrant was requested. The basis upon which the search warrant was requested, was the controlled buy, surveillance and information gathered by Officer Meaker. In the affidavit, Meaker declared that the confidential informant was under his constant observation. The search warrant was issued, and upon execution, marijuana and other controlled substances were found in the residence and in the purse of Whirley.

Whirley filed a motion to suppress the evidence gained by the search, on the basis that there was not sufficient probable cause to issue the warrant. This was based on the fact that since the informer was out of Meaker's sight for 20 seconds, the controlled buy was not in fact controlled. Additionally, Whirley argued that since the credibility of the informer was not established in the affidavit, the probable cause could only be determined by the controlled buy of Officer Meaker, and since the buy was not controlled, there was no probable cause. The pre-trial motion to suppress was denied and the evidence was admitted at the trial.

Whirley first argues on appeal that the motion to suppress should have been granted. We do not agree. The State's brief argues that any error here is waived, since there was not a *timely* objection to the

---

1. IC 35–48–4–11: Possession of marijuana or hashish.

IC 35–48–4–7: Possession of a controlled substance—oxycodone hydrochloride.

introduction of the evidence. *See Collins v. State*, (1977) 266 Ind. 430, 364 N.E.2d 750. During the State's case-in-chief, Officer Meaker testified as to the State's exhibits, which were the subject of Whirley's motion to suppress. No objection was made. It was only when the exhibits were offered into evidence, two witnesses later, that the objection was made as to their introduction. Although we agree with the State that the objection would be more proper if made when the testimony as to the items was *first* offered, we will proceed to the merits of Whirley's contention.

Whirley relies heavily on *Mills v. State*, (1978) Ind.App., 379 N.E.2d 1023, for the contention that except for what happens within the residence, the entire transaction must take place under the direct observation of the police in order to have a controlled buy. *Mills*, in turn, relies on *Hignut v. State*, (1973) 17 Md.App. 399, 303 A.2d 173, for the proposition that when the controls are adequate, the affiant's personal observation of a controlled buy may suffice as grounds for probable cause absent having established the credibility of the informant. 379 N.E.2d at 1026; 303 A.2d at 180.

We agree with the declarations of those cases, and applying the standards here, find that the control over the buy was adequate. *Hignut, supra,* reviewed the standards set forth in *Aguilar v. Texas*, (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; *United States v. Ventresca*, (1965) 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 and *Spinelli v. United States*, (1969) 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Based on those Supreme Court decisions, the Maryland court correctly reasoned that: less persuasive evidence will justify the issuance of a warrant than would justify a warrantless search or arrest; in marginal cases, preference should be accorded to warrants; courts are encouraged not to be hypertechnical; and, possibly ambiguous language should be read with an eye toward upholding the warrant rather than striking it down.

In *Potter v. State*, (1979) Ind.App., 385 N.E.2d 955, the court of appeals noted the definition of probable cause as used by the United States Supreme Court. This definition involves a reasonable ground for belief of guilt—this is less than required for a conviction. The Court determined probable cause to exist when the facts and circumstances under an officers knowledge . . which is reasonably trustworthy . . . warrants a man of reasonable caution to believe an offense has been or is being committed. 385 N.E.2d at 958 fn. 2; *Brinegar v. United States*, (1949) 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879.

■ We believe that based upon the above stated standards and guidelines, the control exercised over the buy was adequate to serve as the basis for the issuance of a search warrant. The fact that the informant was out of the officer's sight for 20 seconds was a factor for the jury to consider in weighing the evidence and the defense of the defendant. This is not to say, however, that in all instances when the officer loses visual contact with his informant in a controlled buy situation that the controls will be adequate. Rather, we merely determine that under the facts presented herein, the 20 second loss of visual contact was not so substantial as to cause the controls to be inadequate, thereby invalidating the search warrant issued by an impartial magistrate based on the buy. There was no error in the trial court's denial of Whirley's motion to suppress.

■ Finally, Whirley argues that the judgment was contrary to law, and not supported by sufficient evidence. As we have determined the evidence was properly admitted, there is no merit to this contention. Marijuana and oxycodone hydrochloride were found in Whirley's purse. Marijuana and other narcotics were found in various parts of the house. Although the evidence was conflicting as to many parts of the testimony, given the well recognized standard of appellate review, *see Kizer v. State*, (1979) Ind.App., 395 N.E.2d 841; *Ringley v. State*, (1979) Ind.App., 395 N.E.2d 339, and our review of the record, there was sufficient evidence to sustain the conviction and the jury's determination was not contrary to law.

Finding no error in the proceedings below, the judgment of the trial court is affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.