Christopher SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8704–CR–383.

Supreme Court of Indiana.

Sept. 22, 1988.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

A jury found defendant-appellant Christopher Smith guilty of two counts of robbery while armed with a deadly weapon and two counts of criminal confinement while armed with a deadly weapon. In this direct appeal, defendant presents two issues for review:

1) admission of State's Exhibit 19, a money order for $135.00; and

2) sufficiency of the evidence.

The following facts favorable to the trial court's judgment may be discerned from the record. In the early morning hours of February 15, 1986, two armed men accosted the victims, David and Diana Wright, as they returned home to their Indianapolis apartment from work. One of the armed men, later identified by the victims as defendant, carried a double-barreled sawed-off shotgun; the other man, an unidentified accomplice, carried a revolver. At least one, and possibly several, spotlights illuminated the area where the crimes occurred, enabling the victims to clearly view the robbers' faces. While defendant held Diana Wright at bay by pointing the sawed-off shotgun at her, the accomplice grabbed David Wright by the collar, held the revolver to his head, and warned him not to try anything or he would be shot. The accomplice then fired his weapon into the air while holding the revolver next to Wright's head in an apparent attempt to emphasize his warning. Again warning the victims not to try anything "funny" or else they would be killed, defendant and his accomplice ordered the victims to lie upon the snow-covered ground. Defendant and his accomplice took from the Wrights a watch, a wallet, a jacket, car keys, a bracelet, a purse, a fur coat, and three blank money orders in denominations of $25.00, $40.00, and $135.00.

Diana Wright positively identified defendant's picture from a photographic array compiled by police several hours later. Both Wrights positively identified defendant as the person holding the sawed-off shotgun in a line-up conducted two months after the robbery. The victims also positively identified defendant at trial. The trial evidence included a $135.00 money order bearing the signature of Elroy Robinson, a witness for the State. Robinson positively identified it as the $135.00 money order he purchased from defendant for $10.00. Robinson testified that defendant claimed he wished to sell the money order because of defendant's inability to cash the money order due to a lack of proper identification.

### Admission of State's Exhibit 19

The trial court admitted State's Exhibit 19, a money order in the amount of $135.00, over defendant's sole objection that there had been no showing by a proper person from the drug store which sold the money order that it was issued to David Wright.

■ While the relevance and materiality of all evidence is a precondition to its admissibility, *Williams v. State* (1978), 269 Ind. 265, 379 N.E.2d 981, even a slight tendency to prove a material fact may render evidence admissible. *Collins v. State* (1977), 266 Ind. 430, 364 N.E.2d 750.

■ In this case, prior to the admission of State's Exhibit 19, Wright had identified the money order as the same one purchased by him and stolen from him on the morning of February 15, 1986. Robinson positively identified the money order as the same one purchased by him from defendant on the afternoon of February 15, 1986. The money order tended to connect defendant with the crime in that it was stolen from the victims on the morning of the crime and was sold to Robinson by defendant later that same afternoon. The authentication was sufficient. The trial court did not abuse its discretion in admitting State's Exhibit 19 into evidence.

### Sufficiency of the Evidence

[3] Defendant also challenges the sufficiency of the evidence to support his convictions, arguing that David Wright's testimony and identification of defendant was inherently unreliable, that the testimony of one of the State's witnesses, Robinson, was unreliable, and that the jury did not consider defendant's alibi evidence. Defendant's brother testified that he and defendant spent the entire night of February 14, 1986, and the morning of February 15, 1986, together in defendant's apartment and that after they arrived at the apartment around 9:00 p.m., February 14, 1986, neither defendant nor defendant's brother left again until approximately 6:30 a.m., February 15, 1986.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223.

In this case, the jury obviously chose to believe the Wrights and Robinson, and not defendant's alibi witness. Sufficient evidence clearly exists to support the jury's finding of defendant's guilt beyond a reasonable doubt.

The trial court's judgment is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.