George GOLDSWORTHY,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9105–CR–151.

Court of Appeals of Indiana,
Third District.

Dec. 24, 1991.

Deborah K. Hays, Granger, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Goldsworthy of child molesting, a Class B felony. The evidence favorable to the verdict disclosed that on different occasions Goldsworthy fondled the victim, attempted to have anal intercourse with him and performed fellatio on him.

On appeal Goldsworthy complains that the court erred in permitting testimony, over his hearsay objection, that Goldsworthy had fondled the victim's brother.

During opening statement the prosecutor advised the jury that the victim did not tell anyone of his experience right away, and that his brother had told their mother that Goldsworthy had "touched" the brother and the victim was aware of this. At that point Goldsworthy objected and moved for a mistrial. At a sidebar the state indicated that the brother would so testify and the court properly overruled the objection. Moreover, this was opening statement, *not* evidence, and if the state failed to produce the evidence to support its claim, the defendant was entitled to forcefully bring that to the jury's attention in final argument along with the court's admonition that the statements and arguments of counsel were not evidence in the case.

The brother was not, in fact, called as a witness. Instead, a reference to the brother's report was made during the direct examination of the mother. She testified that when the victim told her what had occurred they reported it to the police department. Then there was a bench conference concerning the state's intention to inquire about whether she had previously received a similar complaint from the brother but had failed to report it to the police. The defense objected on hearsay grounds, and the prosecutor indicated that she wanted the fact of the conversation in evidence to help explain why the victim did not tell his mother about his problems with the defendant at an earlier date. The court indicated that it would not permit the mother to state what the brother had said but would allow the state to inquire as to the fact of whether the brother had ever said anything to her, and, if so, whether she did anything about it. (The victim had earlier testified that he had heard that his brother had complained to their mother about Goldsworthy.) The prosecutor then asked, "Debbie, at some time fairly long before [the victim] told you what had happened to him, did your son, [the brother], ever tell you that something had happened—this is a 'yes' or 'no'—okay—that [Goldsworthy] had done something to him?" The defense objected on the ground of hearsay, the objection was overruled and the witness answered "yes." She was then asked whether she reported it to the D.P.W. or the police, and she answered "no." Goldsworthy asserts that this constituted the admission of inadmissible hearsay and requires reversal.

■ We are inclined to agree that the question went sufficiently beyond the bare fact that a conversation occurred so that the response called for was hearsay, although that was apparently necessary to make the testimony meaningful to its intended limited purpose.

■ It is clear from the record before us that the state's purpose for introducing the testimony was to attempt to explain to the jury a reason why the victim did not tell his mother of his accusations sooner after the events allegedly occurred. Of course, the fact that a conversation occurred is not hearsay at all. In addition, numerous decisions have permitted the admission of hearsay under such circumstances where it is offered not for the truth of the matter asserted but because it serves to explain why the party to whom the statement was made took some subsequent action. *See, e.g. Stout v. State* (1985) Ind., 479 N.E.2d 563, 567; *Morris v. State* (1980) 273 Ind. 614, 406 N.E.2d 1187, 1193. On the other hand, when hearsay is admitted for this purpose, we require a reasonable level of

assurance that the testimony was not received by the jury as evidence of the truth of the recited statement. *Williams v. State* (1989) Ind., 544 N.E.2d 161, 162–163.

 One means of providing that assurance is for the court to promptly admonish the jury of the limited purpose for which the evidence is offered and for which they may consider it. *Johnston v. State* (1988) Ind., 530 N.E.2d 1179, 1181. In the present case, and even though Goldsworthy failed to request a limiting instruction, the better course of action would have been for the court to so instruct the jury *sua sponte.*

On the other hand, limiting instructions are not the only means of providing the necessary reasonable assurance. *Williams, supra.* In *Head v. State* (1982) Ind., 443 N.E.2d 44, 59, it was sufficient that a police officer merely referred to a tip as anonymous, did not relate the detail of the conversation, and asserted that the tip merely played a part in determining which photos to include in a photographic array.

Similarly, in the present case the mother did not detail the complaint voiced by her other son, or even that it constituted an accusation of molestation. In the context of her examination the answer was clearly elicited to establish that some complaint had been made and she had not reported it to the welfare department or to the police. Indeed, it is difficult to discern any prejudice to Goldsworthy from the bare assertion that the brother said Goldsworthy had done "something" to him. We find no prejudicial error in the admission of this testimony.

The conviction is therefore affirmed.

HOFFMAN, P.J., and BUCHANAN, J., concur.