Michael L. STONE, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 581S137.

Supreme Court of Indiana.

July 20, 1982.

Michael E. Hunt, Monroe County Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Forgery, Ind.Code § 35–43–5–2 (Burns 1979) and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979) and was sentenced to thirty-five (35) years imprisonment. The forgery conviction was adjudged upon a guilty plea, and the habitual offender conviction upon a plea of not guilty and a trial to the bench pursuant to Ind.Code § 35–50–2–8(c) (Burns 1979). The errors assigned relate only to the habitual offender conviction.

The habitual offender information charged three prior convictions, which we shall refer to as "convictions 1968, 1970 and 1977." The court, after hearing the evidence, expressly found that the defendant had accumulated all three charged prior felonies and was, as defined by law, an habitual offender.

Defendant attacks the habitual offender judgment upon two bases, the first being that the 1968 conviction, which had also been entered upon a guilty plea, had been had without benefit of counsel and that his waiver thereof had not been intelligently made. We do not address this issue, in view of the court's finding that all three charged prior felonies had been accumulated. Under *Hall v. State*, (1980) Ind., 405 N.E.2d 530, proof of a third prior felony is mere surplusage. Assuming, arguendo, that the 1968 conviction could not be utilized, the error was, nevertheless, harmless.

Defendant next attacks the 1977 convictions (two counts) which were also adjudged on pleas of guilty, upon the premise that the pleas had not been voluntarily given. Defendant acknowledges that this assignment, although made by the motion to correct errors, is not supported by an appropriate motion or objection made at trial. He seeks consideration of the issue under the "fundamental error" doctrine, but we do not agree that the claim of error is so assignable and decline to consider it.

"We have rejected numerous claims of fundamental error, notwithstanding that the alleged errors would have borne upon constitutional rights, because the violation did not appear to be inherently wrong nor the consequences clear and dire. A mere nexus between the right and the error is not sufficient. To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638.

It may be noted here that the 1977 convictions were regular upon their face. Our case law is not clear upon the matter of when, if ever, a conviction may be collaterally attacked when offered as evidence in an habitual offender proceeding. We have held that such collateral attack may not be made when the conviction is regular upon its face. *Jones v. State*, (1981) Ind., 425 N.E.2d 82; *Morris v. State*, (1980) Ind., 406 N.E.2d 1187. These holdings may infer that such a collateral attack may be made if the infirmity is apparent upon the face of the conviction; and *Burgett v. Texas*, (1967) 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 held that a record which did not reflect a waiver of counsel "raised a presumption" that the defendant had been denied his right to counsel and that the record of the conviction should not have been admitted, over objection, as evidence of prior crimes warranting an enhanced punishment.

In *Williams v. State*, (1982) Ind., 431 N.E.2d 793, the appellant, who stood charged as an habitual offender, appealed contending that he had improperly been denied a continuance and had had insufficient time to investigate the alleged prior convictions. Without limiting its application to convictions regular upon their face, we said:

"The issues of a defendant's guilt or innocence of prior crimes of which he has

been convicted are not before the trial court in an habitual criminal hearing. * * (final judgment in criminal case may not be attacked in a later case collateral thereto); * * *  The only issue before the trial court is whether or not appellant has, in fact, been found guilty and sentenced as required under the statute of prior offenses." (citations omitted). *Id.* at 795–96.

Our Court of Appeals, Third District, considered the matter in depth in *State v. Dossett*, (1977) 174 Ind.App. 501, 368 N.E.2d 259 and concluded that only errors affecting jurisdiction of the trial court to enter a judgment may be the basis of a collateral attack and expressly held that although the failure to provide a record revealing a knowing and voluntary waiver of his constitutional rights would mandate reversal of the conviction upon a guilty plea, it did not render the judgment void or subject to collateral attack.   That Court, however, did not reckon with *Burgett v. Texas, supra.*

The question is of academic interest only in this instance, however, inasmuch as not only did the defendant fail to preserve error, if any, by a proper in-trial objection or motion, the error alleged was not that the court erred in accepting the plea but rather that it erred in a subsequent denial of a motion to withdraw it.   Clearly, such a claim could not be litigated collaterally.

We find no error.   The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.