**James R. EDWARDS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 783S253.

Supreme Court of Indiana.

June 28, 1985.

Susan K. Carpenter, Public Defender, Kenneth M. Stroud, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of burglary, a class A felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), two counts of confinement, a class B felony, Ind.Code § 35–42–3–3(a)(1) (Burns 1985 Repl.), two counts of attempted rape, a class A felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.) and Ind.Code § 35–41–5–1 (Burns 1985 Repl.) and from a habitual offender determination. The case was tried before a jury. Defendant-appellant was sentenced to a prison term of one hundred and forty years.

Appellant raises five issues on appeal: (1) whether the trial court erred by refusing to conduct individual voir dire of prospective jurors exposed to pretrial publicity; (2) whether appellant was punished twice for the same offense by sentencing him for both nonconsensual confinement and attempted rape; (3) whether the trial court erred by ruling that appellant could not challenge the constitutional invalidity of a predicate felony conviction in the ha-bitual offender proceeding; (4) whether the trial court erred in the habitual offender sentence by failing to specify which of the underlying felony sentences was being enhanced; (5) whether the failure to arraign appellant on the habitual offender information constituted reversible error.

These are the facts which tend to support the determination of guilt. On November 4, 1982, one of the victims awakened to find appellant standing at the foot of her bed. When she screamed, appellant held a knife against her, told her that he wanted sex and began to struggle with her. This victim tried, unsuccessfully, to keep the blankets on top of her since she was naked. Appellant removed the covers, locked his knees around her neck and ran his hand over her genitals. While appellant held onto his victim by a headlock, he dragged her into the second victim's bedroom.

In the second victim's bedroom, appellant wrestled with both victims, lay on top of each of them and tied their wrists together with a rope. Appellant started kissing the victims passionately and stated that "he was going to F ... [them] both." Appellant told the second victim to undo her robe. While he was trying to kiss the first victim, he also started to run his hands over her chest. While on top of the victims, appellant began to unbuckle the belt on his pants.

Meanwhile, neighbors had phoned the police. When the police knocked at the front door, appellant told the victims to inquire who was there. When this inquiry went unanswered, appellant put each victim in a headlock underneath his arms, while the victim's hands were still tied, and then he led the victims toward the door. They were in the hallway when the response, "police," was made. The police then knocked the door open. When the police broke into the apartment they found appellant holding both victims in headlocks, one under each arm.

I.

Appellant claims that the trial court erred by refusing to conduct individual voir

dire of prospective jurors who were exposed to allegedly prejudicial pretrial publicity.

On January 6, 1983, appellant filed for a change of venue from Monroe County because of alleged prejudicial pretrial publicity. The trial court denied this application on January 19, 1983, but stated that an impartial jury would be assembled by appropriate voir dire. Appellant later filed a motion for individual voir dire which was also denied by the trial court because appellant failed to show the court that he was unable to have a fair trial with an impartial jury. Included within appellant's motion for individual voir dire were copies of five newspaper articles written about this case after appellant's arrest. The articles included a brief statement of the facts of the crime, appellant's criminal history (*i.e.*, arrests for several felonies and a prior rape conviction), the five felonies presently charged, former incarceration at Pendleton State Reformatory and procedural information.

■ Appellant contends that the articles were prejudicial because the nature of the information provided therein was inflammatory and not admissible at trial. Once it becomes established that prospective jurors have been exposed to prejudicial pretrial publicity, appellant maintains that the *Lindsey* procedures mandate that the exposed jurors be individually interrogated by the trial court outside the presence of the remaining prospective jurors. *Lindsey v. State* (1973), 260 Ind. 351, 295 N.E.2d 819. The *Lindsey* procedures, however, were established to protect an impaneled jury from prejudicial publicity which occurred during the course of a trial. Under the circumstances of this case, it was not necessary to extend the *Lindsey* procedural protections to the voir dire proceedings of a prospective jury.

The record shows that during the voir dire proceedings the trial judge asked the prospective jurors collectively whether they had read or heard anything about this case. Five prospective jurors had read newspaper accounts regarding this case, one of whom eventually was assigned to the jury.

In response to questions posed during the voir dire proceedings, these prospective jurors had not formed or expressed an opinion regarding appellant's guilt or innocence. In addition, responses indicated that the prospective jurors would be able to make a determination based solely on the evidence presented at trial. Furthermore, the voir dire proceedings elicited general, rather than particular, statements from these prospective jurors regarding the contents of the newspaper articles. These general statements did not relate to any substantive facts or evidentiary matters that would have prejudiced other prospective jurors who were present. *Stroud v. State* (1983), Ind., 450 N.E.2d 992. In addition, the trial judge admonished the prospective jurors regarding any publicity that might occur during the trial.

II.

Appellant argues that the trial court erred by sentencing him for both confinement and attempted rape. He maintains that he is being punished twice for the same offense in violation of the double jeopardy prohibition. He contends that his conduct which confined the victims was the means of accomplishing his goal of forcible rape. Therefore, appellant argues that confinement does not require proof of an additional fact which is not required by attempted rape and, hence, they are the same offense. Essentially, appellant argues that nonasportational confinement is necessarily involved in attempted rape where the rape occurs in the same place as the abduction.

■ Defendants may not be twice sentenced for the same offense in a single proceeding. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the essential inquiry is whether the offenses are the same for the purposes of double jeopardy. This inquiry focuses on the elements of the two crimes: "If each requires proof that

the other does not, the *Blockburger* test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Elmore*, 382 N.E.2d at 895. A proper double jeopardy analysis focuses on whether the offenses to be prosecuted and punished are the same and not whether the offenses spring from the same act or operative circumstances.

■ In accordance with the identity of offense test, we hold that this nonconsensual confinement and attempted rape are not the same offenses for double jeopardy purposes. Therefore, the imposition of separate sentences was not error.

The criminal consensual confinement charged requires the following statutory elements, in accordance with Ind.Code § 35–42–3–3(a)(1) (Burns 1985 Repl.):

(1) knowingly or intentionally

(2) confining another person

(3) without his consent

(4) while armed with a deadly weapon.

The elements of the attempted rape charged, in accordance with Ind.Code § 35–42–4–1 (Burns 1985 Repl.) and Ind.Code § 35–41–5–1 (Burns 1985 Repl.) are:

(1) a substantial step toward

(2) knowingly or intentionally

(3) having sexual intercourse

(4) with a member of the opposite sex

(5) by force or threat of force

(6) while armed with a deadly weapon.

Confinement is defined as substantial interference with the liberty of a person. Ind. Code § 35–42–3–1 (Burns 1985 Repl.). In accordance with the relevant statutes, criminal confinement requires proof of nonconsensual substantial interference with a person's liberty whereas attempted rape requires proof of a substantial step toward having forced sexual intercourse with a member of the opposite sex. Therefore, each offense has statutory elements which the other does not and thus they are separate offenses.

■ Moreover, while the evidence produced at trial to prove these two separate offenses may have overlapped, there was evidence specifically addressed to each of these offenses individually. The criminal confinement of these two victims was shown by evidence that appellant was armed with a knife, held one victim by a kneelock and then later held both victims by a headlock. Evidence that appellant stated his intention to have sexual intercourse with the victims, and evidence that he took several acts toward that objective, including beginning to unbuckle the belt of his pants while on top of the victims, passionately kissing the victims, lying on top of the victims, and running his hands over one victim's chest and genitals, was produced at trial to prove appellant took a substantial step toward raping these two women. The evidence shows that appellant not only substantially interfered with the liberty of these two victims but also that he attempted to rape them.

Here there is sufficient evidence to show that above and beyond the physical interference caused by the attempted rape, appellant also substantially interfered with the liberty of these two victims. *Sammons v. State* (1979), Ind.App., 397 N.E.2d 289. While there may be a substantial overlap in the proof offered to establish both offenses, the crimes are not the same. The substantive crime of attempted rape was committed without the acts of confinement. The restraints imposed on the victims were not simply incidental to and inseparable from the substantive crime of attempted rape. Therefore the trial court did not err in sentencing appellant for both crimes.

### III.

Appellant claims that the trial court erred by ruling that he could not assert as a defense in the habitual offender proceedings the constitutional invalidity of a predicate felony. State's exhibit 37 shows on its face that appellant was not advised of his privilege against self-incrimination or of his right to confront his accusers. Relying on *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct.

1709, 23 L.Ed.2d 274, appellant maintains that the finding and sentencing for habitual offender must be vacated and the case remanded for a new habitual offender trial. The State concedes that the constitutional validity of a predicate felony may be raised in the habitual offender proceeding when the guilty plea was made without the accused being properly Boykinized. The State therefore also seeks a remand for a rehearing on the habitual offender phase of this cause. We reject the claim and the State's concession.

State's exhibit 37 consists of a certified copy of a 1972 judgment of conviction which includes a transcript of the guilty plea proceedings. A colloquy between the trial judge and appellant shows that the trial judge made the following inquiries:

whether any promises had been made to induce his change of plea, whether the plea was freely and voluntarily changed, whether any promises were made to him regarding the possible penalty imposed upon the guilty plea, and whether he had discussed the charge with his attorney;

and the trial judge recited the following advisements:

the right to a trial by a judge or jury, the State must establish his guilt beyond a reasonable doubt at trial, guilty plea waives the right to a jury trial, trial judge can force witnesses to appear in court to testify on his behalf, and guilty plea reposes within judge discretion as to the penalty imposed and whether the penalty is suspendable.

■ The initial inquiry is whether the Indiana habitual offender statute permits defendants to assert as a defense in the habitual offender proceedings the alleged constitutional invalidity of a predicate felony. Ind.Code § 35-50-2-8(b) (Burns 1985 Repl.) provides, in pertinent part, that "[a] conviction does not count, for purposes of this subsection, if: (1) it has been set aside, or (2) it is one for which the person has been pardoned." The only time a defendant may raise in the habitual offender proceedings an affirmative statutory defense is when the predicate felony has been set

aside or pardoned. *Havens v. State* (1981), Ind., 429 N.E.2d 618. The record does not indicate and appellant does not allege that his predicate felony conviction was set aside or pardoned. Rather, appellant attempted to challenge in the habitual offender proceedings the alleged constitutional invalidity of a predicate felony conviction, an issue which is not addressed by Ind. Code § 35-50-2-8 (Burns 1985 Repl.).

■ However, Indiana law also permits defendants to raise as an affirmative defense in the habitual offender proceeding the alleged constitutional invalidity of a predicate felony conviction when defendants can show they were not represented by counsel or knowingly and intelligently waived such representation at the time of conviction. *Morgan v. State* (1982), Ind., 440 N.E.2d 1087; *Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530. In addition, *Burgett* essentially stands for the following two propositions:

(1) When a prior felony conviction record does not affirmatively show on its face that the accused was represented by counsel or intelligently and knowingly waived such representation, a presumption is raised that the prior felony conviction is constitutionally invalid. An uncounseled prior felony conviction may not be used to support guilt or enhance punishment.

(2) The admission of a constitutionally invalid prior felony conviction record for recidivist purposes at defendant's trial for the substantive charge is inherently prejudicial even where the jury receives a limiting instruction.

Appellant is essentially arguing that the *Burgett* right to counsel defense be extended to include the *Boykin* privilege against self-incrimination and the right to confront one's accusers. However, the Supreme Court has recently indicated that the reliability of the predicate conviction and the purposes for which such conviction is used are salient criteria in the determination of whether the predicate conviction may be used to support guilt or enhance punish-

ment. *Lewis v. United States* (1980), 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198.

*Burgett* was modified by the Supreme Court in *Lewis*. While an uncounseled prior felony conviction cannot be used for some purposes, an uncounseled conviction is not invalid for all purposes. In *Lewis*, the Supreme Court held that the prosecutor may use an uncounseled guilty plea felony conviction as the predicate felony conviction for imposing a civil firearms disability which is enforceable by a criminal sanction. The Supreme Court found this to be consistent with and distinguishable from *Burgett* on two grounds:

(1) The validity of the *Burgett* subsequent conviction depended on the reliability of the prior uncounseled felony conviction whereas in *Lewis* the relevant statute focused primarily on the mere fact of the prior conviction.

(2) Even though the defendant could not have been tried and convicted for violation of the federal gun laws in the absence of his prior felony conviction, the statutory purpose indicated concern with the mere fact of any conviction, regardless of any constitutional invalidity.

The second branch of *Burgett*, which was based on the inherent prejudice which resulted in admitting an unconstitutional, uncounseled prior conviction against a defendant on a new offense, regardless of the purpose for which it had been introduced or of any curative instructions given to the jury, was also modified by *Marshall v. Lonberger* (1983), 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646. The *Marshall* conviction was admitted into evidence, accompanied by a limiting instruction to the jury that they were not to consider the prior conviction in determining defendant's guilt or innocence on the substantive charge. On remand order from the Supreme Court, the Sixth Circuit held that the admission into evidence of the prior conviction at the substantive charge trial rendered the ensuing conviction in that proceeding unconstitutional, citing *Burgett. Lonberger v. Jago* (6th Cir.1981), 651 F.2d 447. The *Marshall* court held that the admission of the prior guilty plea conviction did not deprive defendant of any federal right.

In Indiana the general rule is that the alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are regular on their face. *Jones v. State* (1981), Ind., 425 N.E.2d 82; *Morris v. State* (1980) 273 Ind. 614, 406 N.E.2d 1187. The habitual offender hearing is not the proper forum to contest the validity of these prior convictions. *Williams v. State* (1982), Ind., 431 N.E.2d 793. The proper procedure to challenge this type of predicate conviction is for the accused to set aside the predicate conviction in a direct attack through appeal or post-conviction relief in the court of conviction. However, the accused may challenge the predicate felony conviction in a habitual offender proceeding when the conviction is constitutionally invalid. The conviction is deemed to be constitutionally invalid only when the following criteria are satisfied:

(1) The court records reflecting the proceedings which led to the prior conviction, on their face, must raise a presumption that the conviction is constitutionally infirm; and

(2) The apparent constitutional infirmity must be of the type which undermines both the integrity and reliability of the determination of guilt. Where the conviction is based upon a guilty plea, the infirmity must affect that part of the guilty plea which constitutes the admission of guilt. In this case, the record does not affirmatively show that appellant was advised of his privilege against self-incrimination or of his right to confront his accusers. This predicate felony conviction thus raises a presumption of constitutional infirmity in satisfaction of the first criterion. *Stone v. State* (1982), Ind., 437 N.E.2d 76; *Haynes v. State* (1982), Ind.App., 436 N.E.2d 874. A defendant would satisfy the second criterion where it can be shown, for instance, that the defendant was not represented by counsel or knowingly and intelligently waived such representation at the time of the prior felony conviction. However, a

*Boykin* violation affects only the waiver part of the guilty plea and does not undermine the integrity and reliability of the determination of guilt. Therefore, there is no denial of due process in relegating defendant to a direct attack to set aside the prior conviction. Furthermore, we see no serious erosive effect from our direct attack preference upon the rights safeguarded by *Boykin*.

## IV.

Appellant argues that the trial court erred in the habitual offender sentence by failing to specify which of the underlying felony sentences was being enhanced. For this reason, appellant asks that the case be remanded to the trial court for correction of this sentencing error.

The record shows that the trial court sentenced appellant to a term of thirty years for Count I, forty years for Count IV, and forty years for Count V. The trial court then pronounced that "[T]he Court finds that the defendant is a habitual offender as was found by the jury and thus must enhance the penalty by a sum of 30 years. The Court further finds that Counts I, IV, V, and the habitual offender status shall be served consecutively ... for a total of 140 years."

A sentence upon a finding of habitual criminality is not imposed as consecutive to the sentence imposed for the underlying felony conviction. *Short v. State* (1982), Ind., 443 N.E.2d 298. Such a finding is not a conviction of a separate crime, but rather provides for the enhancement of a sentence imposed under conviction for an underlying felony. *Bennett v. State* (1984), Ind., 470 N.E.2d 1344. At sentencing the trial court must specify the underlying felony to which the enhanced sentence applies where there are two or more underlying felonies. *McBrady v. State* (1984), Ind., 459 N.E.2d 719. This cause is therefore remanded for sentencing corrections consistent with this opinion.

## V.

Appellant argues that the failure to arraign him on the habitual offender information constituted reversible error.

On November 5, 1982, an arraignment was held wherein appellant was advised as to the nature of the five charges pending against him, the possible penalties thereunder, and his constitutional rights in connection therewith. The court entered preliminary pleas of not guilty to each of these counts. On January 14, 1983, the State filed its notice of intention to have appellant sentenced as a habitual offender and also filed the information for habitual offender. However, appellant was never arraigned on the habitual offender information.

Arraignment is the procedure of bringing the accused before the court, notifying him, usually by reading the information or indictment, of the charges against him, and then asking for his plea. *Bradford v. State* (1983), Ind., 453 N.E.2d 250. This Court recognizes arraignment for habitual offender counts as the appropriate procedure, but, in the absence of prejudice, there are no grounds for reversal. Appellant failed to show how he was prejudiced in any way by a failure to arraign him on the habitual offender count. The appellant always has the burden to show affirmatively that the alleged error was prejudicial. Since appellant had notice of the habitual offender count and failed to show he was harmed in any way, there was no error.

Remanded for sentencing corrections consistent with this opinion. In all other respects, the convictions are affirmed.

GIVAN, C.J., and PRENTICE, J., concur.

PIVARNIK, J., concurs in result.

HUNTER, J., not participating.