**Kevin SIMS a/k/a Johnathan Smith, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 18A02–8908–CR–378.**

Court of Appeals of Indiana, Second District.

Jan. 22, 1990.

Transfer Denied May 9, 1990.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Kevin Sims appeals the trial court's judgment revoking his probation. We affirm.

## FACTS

Sims was convicted of theft. On July 6, 1988 the trial court sentenced him to two years. The sentence was suspended except for thirty (30) days for which the court gave him credit for time previously served awaiting trial. On February 8, 1989 a petition to revoke Sims's probation was filed. The petition alleged, among other things, that Sims had committed a new crime. After a hearing the trial court revoked Sims's probation and ordered his sentence executed. He appeals.

## ISSUE

Whether a facially-valid conviction which may be subject to collateral attack can be used as the basis for revoking Sims's probation.

## DECISION

Sims concedes "his suspended sentence could be revoked for the commission of an offense occurring after he was sentenced, since the law imposes a condition of good behavior on every probationer." Appellant's Brief at 9. However, he argues the trial court erred in revoking his probation on the basis of his conviction for public intoxication because the docket sheet evidencing that conviction, State's Exhibit D, failed to show he properly waived his right to counsel. The docket sheet contains the following entry:

> 10/18/88 Comes now the State of Indiana ... and comes now the defendant Kevin Walker Sims in person and without counsel. Defendant is advised re: (1) pertinent statutory and constitutional rights and (2) nature and character of charge and penalties herein. Defendant understands same, waives right to counsel, and pleads not guilty. Trial set for October 18, 1988 at 9:00 A.M. Bond continued to trial. Parties notified in open court. Tape 4282A

Record at 135.

In support of his contention, Sims cites *Burgett v. Texas* (1967), 389 U.S. 109, 88

S.Ct. 258, 19 L.Ed.2d 319, where the Supreme Court held a presumption arises that a prior felony conviction is constitutionally infirm if the record of the prior felony conviction does not affirmatively show on its face that the accused was represented by counsel or intelligently and knowingly waived right to counsel. Further, it held that a constitutionally infirm prior felony conviction may not be used to support guilt or a sentence enhancement under a state's recidivist statute.

Sims's argument assumes it is inappropriate to differentiate between a sentence enhancement proceeding and a probation revocation proceeding for purposes of determining the validity of a prior conviction. However, the Court's intent to limit the prohibition on the use of uncounseled convictions was reaffirmed in *Lewis v. United States* (1980), 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198.

In *Lewis* the defendant's 1961 felony conviction went unchallenged. In 1977 he was convicted of knowingly receiving and possessing a firearm in violation of § 1202(a)(1) of the Omnibus Crime Control and Safe Streets Act (18 U.S.C.S. App'x. § 1202(a)(1)). On appeal, Lewis sought to attack his prior conviction because it was uncounseled and without a waiver of counsel. The district court rejected his claim, ruling that the constitutionality of the prior conviction was immaterial. Lewis was convicted, and he appealed. By a divided vote the Court of Appeals for the Fourth Circuit affirmed Lewis's conviction. On certiorari, the Supreme Court determined that the clear language of the Omnibus Crime Control and Safe Streets Act reveals that the proscribed conduct in question is directed at

> any person who "has been convicted by a court of the United States or of a State ... of a felony." No modifier is present, and nothing suggests any restriction on the scope of the term "convicted." "Nothing on the face of the statute suggests a congressional intent to limit its coverage to persons [whose convictions

are not subject to collateral attack]." *United States v. Culbert*, 435 U.S. 371, 373 [, 98 S.Ct. 1112, 1113, 55 L.Ed.2d 349] (1978); see *United States v. Naftalin*, 441 U.S. 768, 772 [, 99 S.Ct. 2077, 2081, 60 L.Ed.2d 624] (1979).

445 U.S. at 60, 100 S.Ct. at 918. The Court concluded that the Act focused not on reliability, but on the mere fact of conviction, or even the fact of an indictment. The Court stated that under the:

Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes.... The Court, however, has never suggested that an uncounseled conviction is invalid for all purposes....

Use of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, is not inconsistent with *Burgett*, [*United States v.*] *Tucker*, [404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)] and *Loper* [*v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972)]. In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons.... Enforcement of that essentially civil disability through a criminal sanction does not "support guilt or enhance punishment," see *Burgett*, 389 U.S., at 115 [, 88 S.Ct. at 262,] on the basis of a conviction that is unreliable when one considers Congress' broad purpose.

445 U.S. 55, 66–67, 100 S.Ct. 915, 921–922.

■ Similarly, the legislature has provided that probation, a favor granted by the trial court, and to which there is no right, *Farmer v. State* (1971), 257 Ind. 511, 275 N.E.2d 783, may be revoked because of subsequent criminal conduct: "The court may ... terminate the probation at any time. If the person commits an additional crime, the court may revoke the probation." IC 35–38–2–1(a) (1988). The intent expressed is to impose a standard of conduct upon the probationer. The prohibited criminal conduct need not result in a conviction; it need only occur. *Boyd v. State* (1985), Ind.App., 481 N.E.2d 1124. Further, the fact of the conduct need only be established by a preponderance of the evidence. *Id.* These considerations lead us to conclude the legislative concern, adopted by the courts, is whether subsequent criminal conduct has occurred and not whether it has also resulted in a conviction or, if it has, that the conviction not be constitutionally infirm. Therefore, we conclude that an uncounseled conviction may be used as evidence to establish criminal conduct. That use does not support guilt or enhance punishment, the use prohibited by *Burgett* and *Edwards*.[1]

Judgment affirmed.

(1) The court records reflecting the proceedings which led to the prior conviction, on their face, must raise a presumption that the conviction is constitutionally infirm; and

(2) The apparent constitutionally infirmity must be the type which undermines both the integrity and reliability of the determination of guilt.

*Edwards*, 479 N.E.2d at 547.

Here, the court records do not raise a presumption that the conviction is constitutionally infirm. The docket sheet entry reflects Sims was advised of the required statutory and constitutional advisements. The right to counsel is one such advisement and, absent evidence to the contrary, a reasonable inference is that Sims was advised of his right to counsel. In addition, the entry reflects Sims's understanding of the right and his waiver thereof. Again, in the absence of evidence to the contrary, a reasonable inference is that the entry records the fact.

---

1. Sims's argument fails even if we were to assume, as he does, that a collateral attack is equally appropriate in a probation revocation proceeding. He failed to meet his burden of proving a constitutional infirmity in his conviction for public intoxication. Relying upon decisions of the Fifth Circuit Court of Appeals such as *Moran v. Estelle* (5th Cir.1979), 607 F.2D 1140 he argues the docket sheet entry is insufficient to show a proper waiver of counsel. We do not find that authority persuasive and follow, instead, the lead of our supreme court in *Edwards v. State* (1985), Ind., 479 N.E.2d 541. In *Edwards* the supreme court reaffirmed its position that

the accused may challenge the predicate felony conviction in a habitual offender proceeding when the conviction is constitutionally invalid. The conviction is deemed to be constitutionally invalid only when the following criteria are satisfied:

BUCHANAN, J., concurs.

SULLIVAN, J., concurs in result, with separate opinion.

SULLIVAN, Judge, concurring in result.

Although the status as a probationer is not a right, once granted, it may not be revoked upon mere whim or caprice. Revocation of probation must rest upon violation of a term of the probation. A probationer is entitled to due process notice of the claimed violation of his probation. *Black v. Romano* (1985) 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636. The allegations must be sufficiently specific so as to permit the probationer to anticipate the evidence against him and prepare a defense. *See McGee v. State* (1986) Ind., 495 N.E.2d 537. If the alleged violation is that the probationer has been convicted of a crime, a *conviction* should be established. *See Myers v. State* (1987) Ind., 510 N.E.2d 1360. It should not be an unconstitutional or otherwise invalid conviction.

The majority opinion concludes that a probation may be revoked upon a wholly invalid conviction because *Burgett v. Texas* (1967) 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, is applicable only in guilt determination or sentence enhancement situations. In my estimation an invalid conviction should not be cognizable for any purpose.[1]

Furthermore, I am unable to concur in the alternative rationale for affirmance, i.e., that probation was permissibly revoked because the State established that the prohibited conduct occurred, and did not have to establish that a conviction resulted. Other than the recitation of a conviction, there is no evidence that the act of public intoxication took place. The conduct was therefore not established.

Be that as it may, I fully agree with footnote 1 of the majority opinion. Sims

Therefore, the record is not silent and Sims cannot rely upon it to shift to the State the burden of proving Sims's knowing, voluntary and intelligent waiver of his right to counsel.

1. In *Loper v. Beto* (1972) 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374, the Supreme Court held that an invalid conviction could not be used to

has not demonstrated that his public intoxication conviction was improper. He has not controverted the docket entry with respect to waiver of the right to counsel. The docket entry is regular upon its face and is adequate to validate the conviction. *Edwards v. State* (1985) Ind., 479 N.E.2d 541.

My concurrence rests solely upon the fact that Sims has not demonstrated that his prior conviction was invalid.

impeach the credibility of the defendant. If *Loper* retains any viability (in *Lewis v. State* (1980) 445 U.S. 55, 100 S.Ct.915, 63 L.Ed.2d 198, the majority accepted the *Loper* holding), it militates against use of an invalid conviction for far more drastic consequences than impeachment of credibility.