**Jerome W. MAFFETT, Appellant–
Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

No. 82A04–0109–PC–416.

Court of Appeals of Indiana.

April 29, 2002.

---

Susan K. Carpenter, Public Defender of Indiana, Cynthia Maricle Russell, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Jerome W. Maffett ("Maffett") was convicted of Battery,[1] as a Class C felony, and Involuntary Manslaughter,[2] as a Class C felony, and found to be an habitual offender in Vanderburgh Circuit Court in 1992.

He was sentenced to serve seven years, and the sentence was enhanced by thirty years as a result of the habitual offender finding. On direct appeal, the trial court's judgment was affirmed. Maffett subsequently filed a petition for post-conviction relief, which was denied. He appeals that denial raising two issues, which we restate as:

I. Whether the trial court erred when it allowed evidence of Maffett's Kentucky conviction to support the habitual offender finding; and

II. Whether Maffett received ineffective assistance of counsel when his trial counsel failed to challenge the constitutional validity of the Kentucky conviction during the habitual offender proceedings.

We affirm.

### Facts and Procedural History

In 1992, Maffett was charged with Burglary, Aggravated Battery, and Murder in Vanderburgh Circuit Court. The charges also alleged that Maffett was an habitual offender. A jury trial was held and on April 15, 1993, Maffett was convicted of Battery, as a Class C felony, and Involuntary Manslaughter, as a Class C felony. He was also found to be an habitual offender. Maffett was ordered to serve concurrent seven-year sentences for both convictions, and his sentence was enhanced by thirty years as a result of the habitual offender finding, for a total of thirty-seven years.

The habitual offender finding was based upon the following convictions:

1) In 1980, Maffett pled guilty to the felonies of Robbery and Escape in Kentucky ("the Kentucky conviction");

---

**1.** Ind.Code § 35–42–2–1 (1998).

**2.** Ind.Code § 35–42–1–4 (1998).

2) In 1986, Maffett was convicted of two counts of Battery, as Class C felonies;

3) In 1990, Maffett was convicted for Operating a Motor Vehicle While Intoxicated, a Class D felony; and,

4) In 1993, Maffett was convicted of Battery and Involuntary Manslaughter, both Class C felonies.

Both Maffett and the State agreed that the 1986 Battery convictions were related, and therefore, only one of the convictions could be used to support the habitual offender finding. The Court of Appeals affirmed the conviction and sentence on May 9, 1994, in a memorandum decision.[3]

After he was found to be an habitual offender in Vanderburgh Circuit Court, Maffett filed a petition for post-conviction relief in Kentucky alleging that the 1980 Kentucky conviction was the result of an invalid guilty plea. The petition was denied and the Kentucky Court of Appeals affirmed the post-conviction court finding that Maffett was not entitled to have his conviction vacated because he was no longer serving a sentence for that conviction. Appellant's App. pp. 112–14. Maffett then filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Indiana, which was also denied. He appealed that denial to the Seventh Circuit Court of Appeals. On May 9, 1996, that court denied relief because it found that even if the Kentucky conviction was defective, "Maffett is left with at least two other predicate felony convictions." Appellant's App. p. 119. However, on January 27, 2000, the 1990 conviction for Operating a Motor Vehicle While Intoxicated was vacated via post-conviction relief.

On September 25, 1996, Maffett filed a petition for post-conviction relief in this case, which was later amended on December 4, 2000. In the petition, Maffett argued that 1) his Kentucky conviction was the result of an invalid plea; 2) the use of the invalid Kentucky conviction to support the habitual offender finding violated Maffett's due process rights; and 3) Maffett received ineffective assistance of counsel when his trial counsel failed to challenge the invalid Kentucky guilty plea during the habitual offender proceedings. Appellant's App. p. 39–41. The trial court denied Maffett's petition for post-conviction relief, and he appeals.

## I. The Kentucky Conviction

Maffett argues that the trial court erred because it allowed evidence of his Kentucky conviction, which was the result of an allegedly invalid guilty plea, to support the habitual offender finding. Maffett contends that his guilty plea is invalid because he was not advised of his right to confront and cross-examine witnesses and his right against compulsory self-incrimination. He therefore argues that the plea was not knowingly and intelligently entered into, which renders the plea invalid pursuant to *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Indiana subscribes to the general rule that the "alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are regular on their face." *Edwards v. State*, 479 N.E.2d 541, 547 (Ind.1985) (citations omitted).

The habitual offender hearing is not the proper forum to contest the validity of these prior convictions. The proper procedure to challenge this type of predicate conviction is for the accused to set aside the predicate conviction in a direct

---

**3.** *Maffett v. State,* No. 82A01–9309–CR–298 (Ind.Ct.App. May 9, 1994).

attack through appeal or post-conviction relief in the court of conviction.

*Id.* (citation omitted). However, where the conviction is constitutionally invalid, a defendant may challenge the predicate felony conviction in an habitual offender proceeding. *Id.*

 The conviction will be deemed constitutionally invalid only when the following criteria are satisfied:

> (1) The court records reflecting the proceedings which led to the prior conviction, on their face, must raise a presumption that the conviction is constitutionally infirm; and (2)[t]he apparent constitutional infirmity must be of the type which undermines both the integrity and reliability of the determination of guilt.

*Id.* Also, "[w]here the conviction is based upon a guilty plea, the infirmity must affect that part of the guilty plea which constitutes the admission of guilt." *Id.*

In *Edwards,* a conviction, which was the result of a guilty plea, was used as a predicate felony to determine that the defendant was an habitual offender. *Id.* at 545. The record of the guilty plea hearing did not affirmatively show that the defendant was advised of his privilege against self-incrimination or of his right to confront his accusers. Our supreme court therefore found that the records on their face raised a presumption that the conviction was constitutionally infirm, satisfying the first criterion. *Id.* at 547. The court then noted that if the defendant could show that he was not represented by counsel or that he did not knowingly or intelligently waive such representation, then the second criterion would be satisfied. *Id.* However, the court went on to state that a Boykin violation affects only the waiver part of the guilty plea and does not

undermine the integrity and reliability of the determination of guilt. Therefore, there is no denial of due process in relegating defendant to a direct attack to set aside the prior conviction. Furthermore, we see no serious erosive effect from our direct attack preference upon the rights safeguarded by Boykin.

*Id.* at 547–48.

Under the standards described in *Edwards,* Maffett's Kentucky conviction is not constitutionally invalid. Maffett has not satisfied the second criterion because he was represented by counsel and, as our supreme court determined, a *Boykin* violation "does not undermine the integrity and reliability of the determination of guilt." *Id.* However, Maffett argues that his case is distinguishable from *Edwards* because his Kentucky conviction cannot be challenged in the court of conviction due to the fact that his Kentucky sentence has expired. He contends that "[i]n limited circumstances where a conviction cannot be challenged in the court of conviction, the Indiana courts should review the conviction to insure that an habitual offender finding is based on valid prior convictions." Reply Br. of Appellant at 3.

In *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the United States Supreme Court considered a similar issue. In that case, the defendant filed a petition for a writ of habeas corpus arguing that a 1986 assault conviction was improperly used to enhance his sentence for a 1990 aggravated assault conviction because the 1986 assault conviction was the product of ineffective assistance of counsel. *Id.* at 398–99, 121 S.Ct. 1567. The central issue before the Court was whether 28 U.S.C. § 2254[4] "provides a remedy where a cur-

---

4. This section describes the requirements and procedures for filing a petition for a writ of

rent sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." *Id.* at 401, 121 S.Ct. 1567.

The Supreme Court determined that the defendant was able to establish that he was in custody (a requirement of § 2254) because his 1990 conviction was enhanced by the allegedly invalid 1986 conviction. However, the Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.[5]

*Id.* at 403, 121 S.Ct. 1567. (citation omitted.)

The Court grounded its holding in part on "considerations relating to the need for finality of convictions." *Id.* at 402, 121 S.Ct. 1567. The Court noted that every state has created mechanisms for both direct appeal and state post-conviction review, and that a defendant may choose whether to seek review of his conviction through those procedures. *Id.* at 402–03, 121 S.Ct. 1567. Therefore, where a defendant does not seek review of his conviction

(or seeks review but does not prevail), "the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment." *Id.* at 403, 121 S.Ct. 1567. The Court also noted that other jurisdictions then acquire an interest in the integrity of the judgment because they may seek to "use that conviction for their own recidivist sentencing purposes, relying on 'the presumption of regularity' that attaches to final judgments." *Id.* (citing *Parke v. Raley*, 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)).

■ In this case, Maffett did not file a direct appeal of his Kentucky conviction. Additionally, he did not file a petition for post-conviction relief of the Kentucky conviction until after his sentence had been fully executed and after that conviction had been used to establish that he was an habitual offender, which enhanced the sentence of his 1993 Indiana convictions. As the Supreme Court discussed in *Coss*, Indiana has an interest in the finality of judgments from other jurisdictions. For these reasons, we hold that Maffett's attempt to use Indiana courts to attack his Kentucky conviction is not proper where he failed to file a direct appeal of the conviction and failed to file a petition for post-conviction relief in a timely manner. The trial court did not err when it used Maffett's Kentucky conviction to support the habitual offender finding because the conviction was not constitutionally invalid

habeas corpus.

**5.** The Court found that there were two exceptions to this general rule: 1) if "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment" or 2) if a "habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the

prior conviction." *Id.* at 404–05, 121 S.Ct. 1567. The second exception would apply where a state court refuses to rule on a constitutional claim properly presented to it, or where a defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and such evidence could not have been uncovered in a timely manner. *Id.* at 405, 121 S.Ct. 1567.

under the standards established in *Edwards*.

## II. Ineffective Assistance of Counsel

■ Maffett also argues that his trial counsel was ineffective because counsel failed to challenge the constitutional validity of his Kentucky conviction during the habitual offender proceedings. Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). When we review the denial of a petition for post-conviction relief, we do not reweigh the evidence or judge the credibility of the witnesses. *Davis v. State,* 675 N.E.2d 1097, 1100 (Ind.1996). "We will affirm a denial of post-conviction relief unless the petitioner establishes that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Taylor v. State,* 717 N.E.2d 90, 92 (Ind.1999).

■ "Defendants who challenge the quality of their legal defense face a demanding two-part test." *Davis,* 675 N.E.2d at 1100. First, the defendant must prove that counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms. Second, the defendant must prove that the substandard performance was so prejudicial that he was deprived of a fair trial. *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Prejudice exists when a petitioner demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confi-

dence in the outcome." *Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999) (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). When we review a claim of ineffective assistance of counsel, we will presume that counsel's representation fell within the wide range of reasonable professional assistance. *Bieghler v. State,* 690 N.E.2d 188, 193 (Ind.1997).

■ In his Appellant's brief, Maffett states that he did not challenge the validity of the Kentucky conviction during the habitual offender proceedings because of Indiana's general rule that a conviction cannot generally be challenged during habitual offender proceedings. Br. of Appellant at 6 (citing *Edwards,* 479 N.E.2d at 547.) Indiana courts prefer that the defendant attempt to set aside a predicate conviction in a direct attack on appeal or in a post-conviction relief proceeding. *See Edwards,* 479 N.E.2d at 547. Maffett also did not attempt to challenge his Kentucky conviction until after he was found to be an habitual offender. Because Maffett did not make any effort to attack his Kentucky conviction in the court of conviction prior to the habitual offender finding, his trial counsel was not ineffective for failing to challenge the conviction in an Indiana trial court.

In addition, at the time Maffett was found to be an habitual offender, three predicate felony convictions were used to support that finding, and therefore, even if the Kentucky conviction had been successfully challenged, two predicate convictions would have remained, which is sufficient to support the finding that a defendant is an habitual offender.[6] *See* Ind.Code § 35–50–2–8 (Supp.2001). Under these facts and circumstances, we cannot find that Maffett's counsel's representation "fell below

---

6. As we noted in the Facts section, the 1990 conviction for Operating a Motor Vehicle

While Intoxicated was vacated on post-conviction relief in 2000.

an objective standard of reasonableness under the prevailing professional norms," when counsel failed to challenge the constitutional validity of Maffett's Kentucky conviction. *Davis*, 675 N.E.2d at 1100.

### Conclusion

The trial court did not err when it allowed evidence of Maffett's Kentucky conviction to support the finding that he was an habitual offender. Maffett's counsel was not ineffective for failing to challenge the constitutional validity of the Kentucky conviction.

Affirmed.

RILEY, J., concurs.

BROOK, C.J., concurs in result with separate opinion.

BROOK, Chief Judge, concurring in result.

I concur in the majority's result but write separately because I would analyze the issues differently.

We cannot provide Maffett the relief he seeks. Indiana Code Section 35–50–2–8(d) provides in relevant part that unless a "conviction has been set aside [or] the conviction is one for which the person has been pardoned[,]" it will be considered a prior unrelated felony for purposes of an habitual offender determination. We simply lack jurisdiction to set aside a Kentucky conviction; therefore, I believe its constitutionality is irrelevant.