## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2019, 6:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark A. Petry
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark A. Petry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 19, 2019<br><br>Court of Appeals Case No.<br>19A-CR-668<br><br>Appeal from the<br>Pike Circuit Court<br><br>The Honorable<br>Jeffrey L. Biesterveld, Judge<br><br>Trial Court Cause No.<br>63C01-1201-FB-29 |

**Vaidik, Chief Judge.**

[1] Following a 2013 jury trial, Mark A. Petry was convicted of Count I: Class B felony criminal deviate conduct, Count II: Class D felony sexual battery, and

Count III: Class D felony criminal confinement. Petry then admitted that he is a habitual offender based on earlier felony convictions (Count IV). The trial court sentenced Petry to 20 years for Count I, 3 years each for Counts II and III, and 25 years for Count IV. The court ordered the sentences for Counts I-III to be served concurrently and the sentence for Count IV to "be served consecutive to Counts I, II and III." Appellant's App. Vol. II p. 50.

[2] In 2019, Petry filed a motion to correct erroneous sentence alleging that "the imposition of the habitual offender enhancement, as a separate count, constitutes an erroneous sentence which requires correction." *Id.* at 54. Petry didn't ask to be resentenced; instead, he asked for the habitual-offender enhancement to be vacated altogether. The State filed a motion to dismiss, which the trial court granted.

[3] Petry now appeals, repeating the arguments he made below. It is error for a trial court to impose a habitual-offender enhancement as a separate sentence. *See Howard v. State*, 873 N.E.2d 685, 691 (Ind. Ct. App. 2007). But that is what the trial court did here. *See* Appellant's App. Vol. II p. 50 ("The sentence for Count IV, the Habitual Offender Enhancement, shall be served consecutive to Counts I, II and III."). As the State notes, the proper remedy in this situation is "well-settled," that is, "[w]here a trial court improperly runs a habitual offender enhancement as a separate consecutive penalty, the case must be remanded to the trial court with instructions to enter a sentencing order that reflects that the enhancement is not a separate conviction." Appellee's Br. p. 13 (citing *Edwards v. State*, 479 N.E.2d 541, 548 (Ind. 1985)). We therefore reverse the trial court's

dismissal of Petry's motion to correct erroneous sentence and remand this case with instructions for the trial court to sentence Petry on Count I to 45 years (20 years enhanced by 25 years for being a habitual offender). As for Petry's argument that the remedy should be to vacate his habitual-offender enhancement, we decline to do so given our Supreme Court's longstanding remedy of remanding the case to the trial court for a new sentencing order.

[4] Reversed and remanded.

Riley, J., and Bradford, J., concur.